**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edgardo R. Valdez, | No. CV 04-1620-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| JDR LLC, an Arizona Limited Liability Company, | |
| Defendant. | |

Pending before the Court is Defendant's Motion for Leave to File Second Motion for Summary Judgment (Doc. 35).

**I.    FACTUAL BACKGROUND**

Plaintiff filed a complaint against Defendant on August 6, 2004. The Court held a Rule 16 scheduling conference on November 22, 2004, where it set the major deadlines for the litigation. Defendant filed a motion for summary judgment on September 6, 2005. On June 19, 2006, this Court heard oral arguments on Defendant's motion for summary judgment and took the matter under advisement.

Defendant's counsel asserts that on June 22, 2006, three days after oral argument on the motion for summary judgment, he discovered the existence of a bankruptcy petition previously filed by the Plaintiff. The bankruptcy record showed that on October 16, 2005, the Plaintiff filed a voluntary Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for

the District of Arizona. Plaintiff's debts were ultimately discharged on February 19, 2006. In the bankruptcy petition, Plaintiff made no mention of the present lawsuit against the Defendant. On June 28, 2006, the Court issued an order partially denying Defendant's motion for summary judgment. Later that same day, Defendant filed the motion at bar.

## II.   LEGAL ANALYSIS AND CONCLUSION

Defendant argues that newly discovered evidence should compel the Court to allow it to file a second motion for summary judgment. Defendant claims that a second motion is necessary to allow it to assert a judicial estoppel theory based on Plaintiff's failure to list this lawsuit in his bankruptcy petition.

Judicial estoppel is an equitable doctrine, invoked at the Court's discretion, under which a party is precluded from asserting a claim in a legal proceeding inconsistent with a claim made in a previous proceeding. Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002). The doctrine "protect[s] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." New Hampshire v. Maine, 532 U.S. 742, 750 (2001). For the following reasons, the Court concludes that leave to file an additional motion for summary judgment should be denied.

The Court will not grant Defendant leave to file additional motions for summary judgment for four reasons: (1) to do so would allow Defendant to circumvent the rules and deadlines the Court ordered in the Rule 16 conference, (2) Defendant failed to show good cause why it did not raise the issue until after the Court issued the order on the first motion for summary judgment, (3) Defendant fails to demonstrate that Plaintiff's omission in the bankruptcy proceeding was intentional, and (4) judicial estoppel is unnecessary to protect the integrity of the proceeding.

### A.   RULE 16 ORDER

First, the Court will not permit the parties to circumvent the Rule 16 scheduling order. During the Rule 16 conference, this Court emphasized the need for the parties to include all relevant issues in one motion for summary judgment unless there was some compelling reason why only one motion would be inadequate. Allowing multiple motions for summary

judgment prevents a timely and efficient disposition of the litigation because: (1) consecutive filings strain judicial resources when litigants are allowed to escape page limitations, (2) opposing counsel is forced to defend multiple motions and increase the costs of litigation, and (3) the very purpose of the Rule 16 conference would cease to have meaning. In other words, allowing Defendant to file an additional motion for summary judgment would encourage other litigants to "find" grounds to file further motions for summary judgment. The better rule is for the Court to be consistent in its application of its own pretrial order.

### B. TIMELINESS

Second, Defendant failed to submit information regarding the Plaintiff's bankruptcy until after the Court's order issued. It is axiomatic that, 'there must be conscience, good faith, and reasonable diligence, to call into action the powers of the court.' Holmberg v. Armbrecht, 327 U.S. 392, 396 (1946) (quoting McKnight v. Taylor, 42 U.S. 161, 168 (1843)). Under Defendant's version of the facts, it discovered Plaintiff's bankruptcy on June 22, 2006. By that time, the Court had already received the motions for summary judgment, heard oral arguments, and had taken the matter under advisement. On June 28, 2006, almost immediately after the Court issued its order regarding the motions, Defendant submitted: (1) a Motion asking leave to file another motion for summary judgment; (2) the second motion for summary judgment; (3) a statement of facts in support of the second motion for summary judgment; and (4) an affidavit in support of the second motion for summary judgment. The sheer volume of material the Defendant was able to produce in the period between when the Court issued its order on the first motion, and when the Court received Defendant's motion raises the question of whether the Defendant was saving this issue to use in the event that the first motion for summary judgment was unsuccessful.

Assuming that Defendant did not produce all the information submitted after the order issued, Defendant could have prepared the Court more adequately for its subsequent motions. Defendant could have filed an amendment to its pleadings or a notice of mootness so that the Court could be aware of the suddenness with which the Defendant discovered this issue, while still allowing Defendant an opportunity to sufficiently brief the issue for the Court. If

the Court granted Defendant's motion, its first order would amount to little more than an advisory opinion. Therefore, the timing of the Court's receipt of the motion argues in favor of denying Defendant's motion to file a second motion for summary judgment.

### C. PLAINTIFF'S INTENT

Third, Defendant did not demonstrate that Plaintiff intentionally deceived the bankruptcy court by failing to disclose this lawsuit.[1] Defendant cites only one case supporting the use of judicial estoppel in the Ninth Circuit, and the case is inapposite. In Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778, 785 (9th Cir. 2001), the Court of Appeals held that judicial estoppel precluded Plaintiff from bringing a tort action against his insurance company after he failed to disclose the action as a possible asset in his bankruptcy proceeding. However, Hamilton is clearly distinguishable from the case at bar.

In Hamilton, the plaintiff deliberately concealed the possible suit against his insurance carrier from the bankruptcy court. Id. at 781. This seemingly insignificant fact is very important to the Court's analysis. The Ninth Circuit, among others, reads an additional requirement into the doctrine of judicial estoppel; the party to be estopped must have acted intentionally, not inadvertently. See, e.g., Johnson v. Oregon Dept. of Human Res. Rehab. Div., 141 F.3d 1361, 1369 (9th Cir. 1998) ("If incompatible positions are based not on chicanery, but only on inadvertence or mistake, judicial estoppel does not apply."); Johnson Serv. Co. v. Transamerica Ins. Co., 485 F.2d 164, 175 (5th Cir. 1973) (Judicial estoppel "looks toward cold manipulation."); Browning v. Levy, 283 F.3d 761, 775 (6th Cir. 2002) ("Judicial estoppel, however, is not appropriate where the failure to disclose was the result of inadvertence, rather than an affirmative assertion that no such claim existed."); Matter of

---

[1] At least one court has held that if front pay or back pay constitute the relief sought by the Plaintiff, those items would not have been part of the bankruptcy proceedings, and therefore would not be barred from suit in subsequent actions. Castillo v. Coca-Cola Bottling Co. of Eastern Great Lakes, No 06-CV-183, 2006 WL 1789039, at *1 (E.D. Pa. June 23, 2006) (citing 11 U.S.C. § 541(a)(6)).

Cassidy, 892 F.2d 637, 642 (7th Cir. 1990) (judicial estoppel may be applied only in situations involving intentional manipulation of the courts); Burnes, 291 F.3d at 1287.

The Court cannot find that there is sufficient evidence of an intent on the part of Plaintiff to manipulate or deceive it. The mere failure to list the charge in the bankruptcy proceeding will not support a finding of intent. See Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 364 (3rd Cir. 1996) (refusing to find that requisite intent for judicial estoppel can be inferred from mere fact of nondisclosure in bankruptcy proceeding). Here, Defendant presents no evidence that Plaintiff acted in bad faith or affirmatively concealed facts from the bankruptcy court. Therefore, the Court will not presume that Plaintiff committed fraud in the bankruptcy court and thereby bar him from proceeding in this action.

### D.    INTEGRITY OF THE PROCEEDING

Fourth, it is unnecessary to apply judicial estoppel to protect the integrity of the judicial system or this proceeding. Judicial estoppel generally promotes the orderly administration of justice and regard for the dignity of judicial proceedings. See Arizona v. Shamrock Foods Co., 729 F.2d 1208, 1215 (9th Cir.1984). Because it is an equitable doctrine, the Court invokes judicial estoppel at its discretion to promote those policies. See Russel v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990).

In its discretion, this Court concludes it can better protect the integrity of the judicial system by denying Defendant's motion. First, the doctrine should be applied with caution because of the harsh results attendant with precluding a party from asserting a position that would normally be available. Lowery v. Stovall, 92 F.3d 219, 224 (4th Cir. 1996). Second, the Third Circuit's reasoning in Ryan is instructive.

> [J]udicial estoppel is an 'extraordinary remed[y] to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice.' It is not meant to be a technical defense for litigants seeking to derail potentially meritorious claims, especially when the alleged inconsistency is insignificant at best and there is no evidence of intent to manipulate or mislead the courts. Judicial estoppel is not a sword to be wielded by adversaries unless such tactics are necessary to 'secure substantial equity.'

Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 364 (3rd Cir. 1996) (citations omitted). In other words, this doctrine should be applied only when it would be more equitable for the Court to do so than not. Here, Defendant is attempting to use judicial estoppel as if it were a normal litigation strategy, not because the Court's failure to apply doctrine would result in a "miscarriage of justice." Thus, the Court will not invoke the doctrine because its application is unnecessary to secure substantial equity.

Additionally, courts have ample power to punish debtors who wrongfully conceal assets, i.e., sanctions under Fed. R. Bankr.P. 9011, conversions of the case to chapter 7 (§ 1307(c)), or revocation of discharge (§ 1328(e)). In re Griner, 240 B.R. 432, 439 (Bkrtcy. S.D. Ala. 1999). On the other hand, Defendant's position punishes the bankruptcy creditors as well as the debtor, because the option of recovering concealed assets is denied to them. The Seventh Circuit Court of Appeals advised, "Instead of vaporizing assets that could be used for the creditors' benefit, district judges should discourage bankruptcy fraud by revoking the debtors' discharges and referring them to the United States Attorney for potential criminal prosecution." Biesek v. Soo Line R. Co., 440 F.3d 410, 413 (7th Cir. 2006). The Court agrees with the Biesek Court that judicial estoppel would unnecessarily disadvantage the creditors, and is inappropriate here.

To borrow the words of the Bankruptcy Court of Alaska, "The better result is to allow the claim to be prosecuted and collected, order the funds paid toward claims filed in the [bankruptcy], and punish the debtor another way." Griner, 240 B.R. at 439. The Court cannot order the Plaintiff to pay its creditors when any recovery he may receive is contingent on prevailing at trial. Instead, the Court will order Plaintiff to disclose this proceeding, including a copy of this order, to the bankruptcy trustee and the bankruptcy court, and appropriate action can be taken at the conclusion of this trial. In its discretion, the Court chooses not to bar Plaintiff's claims through the application of judicial estoppel, because prosecution of the case and disclosure to the bankruptcy court will better achieve the doctrine's purpose of securing substantial equity.

Based on the foregoing,

1  **IT IS ORDERED** that Defendant's Motion for Leave to File Second Motion for Summary Judgment (doc. 35) is denied.

**IT IS FURTHER ORDERED** that Plaintiff will immediately submit a copy of this order to the bankruptcy court and Plaintiff's bankruptcy trustee.

DATED this 20th day of July, 2006.

_____
James A. Teilborg
United States District Judge

- 7 -